IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TERRY GOODEN                                                 PETITIONER

VERSUS                            CIVIL ACTION NO. 5:16-cv-91-DCB-JCG

NATCHEZ ADAMS COUNTY JAIL, et al.                      RESPONDENTS

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Terry Gooden, while incarcerated at the Adams County Jail, Natchez, Mississippi, filed this Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254. Having reviewed the record, the Court finds that Petitioner has a petition for habeas relief pending in this Court in *Gooden v. Patton*, No. 5:16-cv-90-DCB-RHW. Having considered the Petition [1], applicable case law and statutes, the Court finds that the instant civil action is duplicative of a pending habeas and therefore, it will be dismissed without prejudice.

Petitioner filed the instant request for habeas relief on October 7, 2016. Pet. [1] at 1. Liberally construing the Petition, the Court finds that Petitioner is challenging several convictions he received in the Justice Court of Adams County, Mississippi. As stated above, a review of the Court record reveals that Petitioner filed a separate petition for habeas relief concerning the same convictions. *See Gooden v. Patton*, No. 5:16-cv-90-DCB-RHW.

The Court has the authority to dismiss a civil action which is duplicative of another action filed in federal court. *See Green v. Quarterman,* 2008 WL 2489840, at *2 (S.D. Tex. June 18, 2008); (citing *Remington Rand Corp. v. Bus. Sys. Inc.*, 830 F.2d 1274, 1275-76 (quoting *Landis v. N. Amer. Co.*, 299 U.S. 248 (1936) (recognizing that there is a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants")); *see also Chrysler Credit Corp. v. Marino*, 63 F.3d 574, 578 (7th Cir. 1995) ("A federal suit may be dismissed for 'reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court.' "). The Court has compared the Petition filed in *Gooden v. Patton*, No. 5:16-cv-90-DCB-RHW, with the one filed in the instant civil action and finds that the Petitions challenge the same convictions in the same court. The Court therefore has determined that the most efficient and convenient manner in which the parties, counsel, and the Court should proceed is for Petitioner to fully litigate his habeas claims in *Gooden v. Patton*, No. 5:16-cv-90-DCB-RHW, and to dismiss the instant civil habeas action without prejudice as duplicative.

For the reasons set forth above, the Court finds that this Petition is dismissed without prejudice so that Petitioner may litigate his request for habeas relief, including any assertions presented in this civil action, in *Gooden v. Patton*, No. 5:16-cv-90-DCB-RHW.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

SO ORDERED, this the  1st   day of February, 2017.

          s/David Bramlette
          UNITED STATES DISTRICT JUDGE